## Conflict of Laws Applying to State Colleges and Universities

PACKEL, Attorney General, January 16, 1973.—You have inquired as to two apparent conflicts between

the Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §51, et seq. and Act of February 17, 1970, P. L. 24, no. 13, 24 PS §20-2001, et seq.

1. The first apparent conflict presented in your inquiry concerned a conflict between section 6(15) of Act 13 and section 507(c)(5) of the Administrative Code.

Section 507(c)(5) of the Administrative Code provides that any department, board, or commission may ". . . take memberships in independent organizations or societies having related functions, but all such memberships shall be approved by the Governor": 71 PS §187.

Section 6 of Act 13 states that:

"Subject to the stated authority of the board of State College and University Directors and the boards of trustees, the president of each of the several State Colleges and State Universities shall administer the institution. Each president shall have the power and his duty shall be: '(15) To determine institutional memberships in learned societies and professional organizations which will have significance to the welfare of the institution within the limits established by the Board of State College and University Directors' ": 24 PS §20-2004.1(15).

Taking the commonly-accepted meaning of the word "to determine"—i.e., to fix conclusively or authoritatively, it is clear that the purpose of section 6(15) is to leave the decision as to whether or not a college should become a member of a professional organization or learned society within the discretion of the President of each State college, within the limits set by the Board of State College and University Directors. It would appear, therefore, that section 6(15) of Act 13 is in conflict with the Administrative

Code provisions which require the approval of the Governor of institutional memberships of state agencies.

However, this conflict, under well-settled law of statutory construction, is easily resolved.

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 63, 46 PS §563, provides that whenever a general provision in a law is in conflict with a special provision in a later enacted law the ". . . special provisions shall prevail and shall be construed as an exception to the general provision." Since section 6(15) of Act 13, dealing specifically with state colleges, was enacted after section 507(c)(5) of the Administrative Code dealing with State agencies generally, section 6(15) of Act 13 prevails over and acts as an exception to section 507(c)(5). It follows, therefore, that the approval of the Governor is not required for State college memberships in learned societies and professional organizations.

II. Your second question concerns an apparent conflict between section 6(6) of Act 13 and Administrative Directive No. 78 of October 6, 1970. Directive No. 78 was issued to "establish policies and procedures for the selection, purchase and utilization of filing equipment by all agencies, headquarters and filed under the jurisdiction of the Governor." The statutory basis for this records management program is in section 527 of the Administrative Code.

Section 527 of the Administrative Code states that:

"The Governor shall, from time to time, cause studies to be made of the accumulations of files of correspondence, reports, records and other papers in possession of departments, boards and commissions, and may direct said departments, boards or commissions to comply with the provisions of sections

524 and 525 of this act. The requisitions, warrants, cancelled checks, books, records, correspondence and files of the Department of the Auditor General, the Department of Internal Affairs and the Treasury Department, which date back a period of four years or more, shall be expressly covered by the provisions of this section": 71 PS §207.

Section 6 of Act 13 states that:

"Each president shall have the power and his duty shall be:

'(6) To purchase instructional materials, educational, technical, administrative, custodial and maintenance equipment and supplies not in excess of a cost of one thousand five hundred dollars ($1,500) without competitive bidding with the approval of the Board of Trustees, after notice to the Secretary of Property and Supplies, except that such items shall not be bought in series to avoid the dollar ceiling, nor shall any items be included for which the Department of Property and Supplies has contracts, either through schedules or group purchase contracts, current or proposed' ": 24 PS §20-2004.1(6).

It was not the intention of the Legislature in enacting section 6(6) of Act 13 to give the colleges or universities powers over the purchase of filing and record-keeping items without regard to section 527 of the Administrative Code. Instead, our analysis of the two sections indicates that the legislature was concerned with an altogether different question when it enacted that section. Previous to the enactment of section 6(6) of Act 13, the State colleges could not directly purchase supplies, equipment or other materials because section 507 of the Administrative Code prohibits the purchase of these items by departments,

boards or commissions other than Property and Supplies unless there is a law authorizing the department, board or commission to purchase such materials and supplies or unless the Department of Property and Supplies authorizes in writing a department, board or commission to make purchases in the field, up to a specified amount: 71 PS §187(a)(c).

The intent of the Legislature in enacting section 6(6) of Act 13 was to give the colleges a limited degree of fiscal autonomy, which was deemed desirable for the better operation of the State colleges. The purpose of section 6(6) was to allow the colleges to make *small* purchases without having to go through the procedure of competitive bidding. The Legislative History, see 1969 (Pennsylvania House of Representatives) at page 997, indicates that since the colleges are scattered throughout the State, it was thought to be more convenient for the State colleges to be able to make purchases directly, without competitive bidding.

The above analysis indicates, therefore, that effect can be given to both section 527 of the Administrative Code and section 6(6) of Act 13 without a conflict arising. Section 63 of the Statutory Construction Act, supra, provides that "whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both."

Therefore, effect must be given to both provisions, and you are accordingly advised that the policies and procedures set forth in Administrative Directive No. 78, based on section 527 of the Administrative Code, are not in any way affected by section 6(6) of Act 13.